09-2556-cr
United States of America v. Brockington

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                 <u>Chief Judge</u>,
     ROGER J. MINER,
     RICHARD C. WESLEY,
                 <u>Circuit Judges</u>.


- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

     <u>Appellee</u>,

     -v.-                            09-2556-cr

KQUAN P. BROCKINGTON,

     <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    Molly K. Corbett, Research & Writing Attorney (Paul Evangelista and Timothy Austin,

1

Assistant Federal Public Defenders, <u>on the brief</u>), for Alexander Bunin, Federal Public Defender, Federal Public Defender Office for the Northern District of New York, Albany, NY.

**APPEARING FOR APPELLEE:** Gwendolyn Carroll, Assistant United States Attorney (Robert A. Sharpe, Assistant United States Attorney, <u>on the brief</u>), for Richard S. Hartunian, United States Attorney, United States Attorney's Office for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Kquan P. Brockington appeals his conviction in the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>), for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (possession of a firearm as a previously convicted felon). Brockington entered a conditional plea of guilty which permitted him to file this appeal challenging the denial of his motion to suppress the firearm. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Reviewing the district court's factual findings for clear error and legal determinations <u>de novo</u>, <u>see</u> <u>United States v. Padilla</u>, 548 F.3d 179, 186 (2d Cir. 2008), we affirm the denial of Brockington's motion to suppress the firearm. The district court properly determined that Officer Keough had reasonable suspicion to stop Brockington based on (i) the description of the suspect provided by the police dispatcher, (ii) the description of the suspect provided by the head of mall security, Harold Santos, (iii) Santos's statement that mall security had tracked the suspect to the Zumiez store, (iv) Santos's sighting of a

person who matched the two descriptions, and (v) Keough's personal observation of an individual in the Zumiez store matching the two descriptions. These facts provided "a particularized and objective basis for suspicion of legal wrongdoing under the totality of the circumstances." United States v. Simmons, 560 F.3d 98, 103 (2d Cir. 2009) (internal quotation marks omitted); see also Arizona v. Johnson, 129 S. Ct. 781, 784 (2009) (holding that a "stop" is constitutional if "the police officer reasonably suspects that the person apprehended is committing or has committed a criminal offense").

On appeal, Brockington fails to defeat the determination of reasonable suspicion. First, Brockington concedes that the police dispatcher's description made no mention of the suspect's companions, Appellant's Br. 17-18, and the district court found that Santos informed Keough that the suspect was in Zumiez with a woman and small children. Therefore no discrepancy existed between the information known to Keough and his personal observations of the suspect. Second, although the suspect's physical description was general--a black man wearing a red shirt-- the totality of the circumstances included additional information giving rise to reasonable suspicion. Cf. Simmons, 560 F.3d at 101, 107-08 (finding reasonable suspicion based on a general physical description--black male wearing a gray hooded sweatshirt and a black jacket-- and the additional information included in the totality of the circumstances). Third, Keough reasonably relied on the information provided to him by Santos, a face-to-face informant known to Keough. See, e.g., Unites States v. Elmore, 482 F.3d 172, 180 (2d Cir. 2007) ("Where informants are known . . . a lesser degree of corroboration is required."); United States v. Salazar, 945 F.2d 47, 50-51 (2d Cir. 1991) ("[A] face-to-face informant must, as a general matter, be thought more reliable than an anonymous telephone tipster, for the former runs the greater risk that he may be held accountable if his information proves false."). As the district court found, "Santos was known to Officer Keough and there's no indication that Keough had reason not to believe or trust Santos' account."

Brockington argues that the seizure itself was unconstitutionally prolonged and intrusive. "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the

least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." Florida v. Royer, 460 U.S. 491, 500 (1983). But Brockington's resistance to the soft-hand technique, his non-compliance with Keough's instructions to show his hands, his increasing agitation, his attempts to make eye contact with his companion, and her approach to or contact with Keough--considered in their totality--support the district court's characterization of the situation as "escalating." This escalation justified a longer detention, and, in light of Keough's "fear for his safety," more intrusive measures intended to reduce the risk of harm. Cf. United States v. Vasquez, 638 F.2d 507, 523 (2d Cir. 1980) (determining that a suspect's "fidgeting may have been some cause for alarm, and it was reasonable, in light of these movements, for each officer, in effecting a Terry stop, to place a restraining hand on one of [the suspect's] arms"); id. at 519 (determining that reasonable suspicion may develop into probable cause based on events unfolding during an investigative stop).

We have considered all of Brockington's arguments on this appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4